JAS. W. OSBORNE *v.* CITY OF LOUISVILLE AND OTHERS.

**Attachment—Priority of Equities.**

> Where a debtor assigns a chose in action prior to attachment by a creditor, the equity of the assignee is superior to that of the attaching creditor, but where the attaching creditor obtains a judgment he obtains a legal right to the attached property which is superior to the prior equity of the assignee.

APPEAL FROM LOUISVILLE CHANCERY COURT.

January 31, 1873.

OPINION BY JUDGE PETERS:

In this suit in equity brought by appellant against the city of Louisville, Henry Hill, and J. S. Colyer, to enjoin the city from paying a judgment recovered by Hill against it, he alleges that Colyer held a claim against the city for attention to the horses of the fire department during the month of March, 1870, amounting to $122, which demand he avers Colyer assigned to him for a valuable con-

sideration on the 16th of March, 1870, and that immediately after the date of the assignment he presented it to the auditor of the city for payment, which was refused, and that he "then applied through some members of the general council of the city for an order for the payment of said debt, and said city had due notice of said claim being assigned to plaintiff before the day of July, 1870, and said city had hitherto failed to direct the auditor to issue an order upon the treasurer for said claim or any part, and has failed to pay the same, etc.; that Hill held a claim against Colyer and instituted "Suit No. 23,661" against him and the city in the court below and attached said $122 and finally recovered judgment against the city for said sum which it was about to pay; that he had no knowledge of the institution of said suit, nor the proceedings therein, until after the 18th of February, 1871, and was not a party thereto; that he is advised that he is entitled to said judgment, or for a judgment against the city for $122, interest and costs. He prays that Hill be enjoined from collecting the judgment until the matters alleged can be adjudicated, and for all proper relief.

Hill files a demurrer to the petition, upon which the court below as appears from the record took no action; he also filed an answer, in which de denies Colyer assigned said claim to appellant for a valuable consideration, and denies that it was assigned before he sued out his attachment.

He furthermore denies that appellant ever applied to the auditor of the city and demanded payment or that he applied to the general council for payment of said claim, and denies that the "city had any notice of the alleged assignment" or of any assignment of said claim, or any part thereof to plaintiff before the —— day of July, 1870, or at any other time before or since, and denies that said claim is or ever was due and owing to him.

Having traversed the material allegations of the petition, Hill charges that the asserted assignment of the claim of Colyer on the city to appellant was a device to remove it from the reach of his creditors in which appellant participated, and that he in fact paid nothing for it. On final hearing the injunction was dissolved and the petition dismissed. And Osborne now seeks a reversal of that judgment.

If, as is alleged, the city had notice of the assignment of the demand by Colyer to appellant when Hill sued it and failed to

file a petition in the nature of a bill of interpleader to compel Hill and Osborne, the assignee, to litigate their respective rights, and have it judicially determined to whom the money should be paid, it might be a question whether it would not be responsible to appellant.

If the assignment was made to appellant for a valuable consideration prior to the service of Hill's order of attachment, Hill's equity was subordinate to that of appellant at the commencement of his suit. But we apprehend when Hill obtained his judgment he thereby acquired a legal right to the attached property which would override appellants' prior equity. This doctrine, we think is fully sustained by the case of *Forepaugh v. Appold,* 17 B. M. 626, from which appellant quotes, and in which it is said in substance, an attaching creditor only acquires a lien upon, or an equitable right to, the money in the hands of a garnishee, by bringing his action, and delivering the order of attachment to the sheriff. The right he thus acquires is subordinate to that of the assignee of the debt, whose right was created before the commencement of the action, and of the existence of which the attaching creditor shall be apprised before he obtains his payment for the money; and in that case the judgment was reversed because, although the claim of the creditors under the assignment was not asserted by the trustee before the plaintiffs obtained a judgment against Bishop (the garnishee), yet they were fully informed of their right to the debt by the affidavit which the garnishee filed in the cause; and in the next paragraph it is said an unrecorded deed or mortgage will in equity prevail against a creditor who has notice of it, before he acquires the legal right to the property or estate embraced by it. The only case in which an unrecorded deed or mortgage will prevail in equity against a creditor is where the creditor has actual notice of such deed or mortgage. Where there is not such notice to the creditors according to the doctrine of that case the claim of the assignee must fail. Here it is not alleged that Hill had notice of the asserted assignment of the claim to appellant. Nor does the evidence show that the city of Louisville had notice of the assignment to appellant.

The extracts from the journals of the common council and board of aldermen show that the claim presented to both boards was made out and presented in the name of Dr. Colyer. And no intimation, either that he has assigned it to appellant or any one else; and Hill in his answer explicitly denies notice of the assignment.

If in the suit of *Hill v. Colyer* it had appeared by petition or otherwise that the claim had been assigned to appellant, it would have been the duty of the court to have ordered him to be made a party thereto, because the controversy could not have been properly settled without making him a party. And if the city with notice of the assignment had failed to disclose the fact, and to interplead the parties, its rights might have been seriously affected by such failure, but the notice is not established.

Wherefore the judgment is *affirmed*.

*Jas. Harrison, for appellant.*

*Fox, Elliott, for appellees.*